FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 12, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KERSHAWN GRIGSBY, a single person, individually and on behalf of L.G., a minor; and JADE MANZANO, a single person on behalf of C.C., a minor child | No. 2:25-CV-00395-MKD |
| Plaintiffs, | ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER |
| v. | **ECF No. 12** |
| CITY OF SPOKANE POLICE DEPARTMENT; CHIEF CRAIG MEIDL, SERGEANT TREVOR NOLLMEYER, CORPORAL GREGORY THOMPSON, OFFICER CONNOR TANGEMEN, each in their personal and representative capacities; and JOHN AND JANE DOES 1-10 as a party with alleged responsibility or potential fault, | |
| Defendants. | |

The parties have submitted a Stipulated and Agreed Protective Order

Regarding Plaintiffs Sensitive Records, ECF No. 12, concerning Plaintiffs' tax,

counseling, mental health and medical records that could be discoverable evidence

ORDER - 1

in this matter.  The Court finds good cause under Fed. R. Civ. P. 26(c) to issue an

order to protect certain categories of information produced by a party in discovery

in this matter to prevent annoyance, embarrassment, oppression, or undue burden

or expense.

Accordingly, **IT IS HEREBY ORDERED**:

1. The parties' Stipulated and Agreed Protective Order Regarding Plaintiffs

   Sensitive Records, **ECF No. 12**, is **GRANTED**.

## PROTECTIVE ORDER

1.    USE OF CONFIDENTIAL MATERIALS

1.1 <u>Basic Principles</u>.  The Confidential Information shall be used solely for

the purposes of this Lawsuit and for no other purpose.  Confidential material shall

not be copied, reproduced or summarized except for the extent necessary in this

lawsuit.

1.2 <u>Disclosure of "Confidential" Information.</u>  The Parties and their

counsel shall maintain the confidentiality of the abovementioned records produced,

and not to distribute or otherwise communicate such information to any person

who is not a party or not representing the parties in this litigation, and shall only

disclose information to non-party experts or other personnel as necessary to

facilitate this litigation only.   The parties, counsel for the respective parties,

insurance adjusters, expert witnesses, and all administrative disclosure (including

assistants and other personnel), as recipients of any Confidential Information shall by apprised of this agreement and exercise due care with respect to storage, custody, and use of all such Confidential Information to ensure access is limited to persons authorized by this order.

If the records are marked as exhibits at deposition, the exhibits shall be sealed in an envelope marked "Confidential" at the conclusion of the deposition and shall only be accessed as necessary for purposes of this litigation.

The parties shall not file Confidential materials with the Court in support of a court motion without first giving opposing counsel reasonable advance notice of their intent to do so and filing the documents under seal.  The Court may address whether the records shall remain under seal if requested by either party.

Documents marked "Confidential" will only be introduced as evidence at trial after first giving opposing counsel reasonable advance notice of their intent to do so and the materials are filed under seal; provided, however, a party may offer the materials marked "Confidential" as impeachment evidence if an expert's or party's trial testimony relating to a material issue in the case contradicts what is reflected in the evidence.  The Court may address whether the records shall remain under seal if requested by either party.

2.     ENFORCEABILITY

Any violation of this Protective Order can trigger certain rights under

ORDER - 3

Washington Civil Rules available to the witnesses and parties.

The terms of this Protective Order shall survive any settlement, discontinuance, dismissal, severance, judgment, or other disposition of this case and the Court shall continue to retain jurisdiction over the Parties and recipients of the Confidential Information to enforce the terms of this Stipulation and Agreed Protective Order.

**IT IS SO ORDERED.**  The District Court Executive is directed to file this order and provide copies to the parties.

DATED December 12, 2025.

s/Mary K. Dimke
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 4

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare

under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for

the Eastern District of Washington on December 12, 2025, in the case of *Grigsby*

*et al v. City of Spokane Police Department et al*, Case No. 25-cv-00395-MKD.  I

agree to comply with and to be bound by all the terms of this Stipulated Protective

Order and I understand and acknowledge that failure to so comply could expose

me to sanctions and punishment in the nature of contempt.  I solemnly promise that

I will not disclose in any manner any information or item that is subject to this

Stipulated Protective Order to any person or entity except in strict compliance with

the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Eastern District of Washington for the purpose of enforcing the terms

of this Stipulated Protective Order, even if such enforcement proceedings occur

after termination of this action.


DATED this _____ day of _____, 2025.


ORDER - 5

SIGNATURE

PRINTED NAME

CITY AND STATE WHERE SWORN/SIGNED